ROBERT H. EPSTEIN, as Trustee in Bankruptcy of EDGAR B. GOLDSTEIN, Bankrupt, Respondent, *v.* DUDLEY D. DOERNBERG, Appellant.

*Per Curiam.* Despite the contradictions in the testimony, we find that the evidence adduced before the referee disclosed with reasonable certainty that the checks for $5,048.75 and $3,000 represented repayments of personal loans by one individual partner to the other. At least it was not established by a fair preponderance of the evidence that these checks represented partnership transactions.

We are likewise satisfied that the referee's determination concerning the following items was erroneous for the reasons summarized:

Item 5 (Dow's Estate Transaction) — $220. This was the disbursement of a sum necessarily paid out in the due course of the partnership business for the protection of a partnership asset.

Item 6 (Maiv Realty Co.) — $150; Item 7 (Agnes McKendrick) — $14.37; Item 9 (Lawrence E. Woolf) — $205.84. These were commissions received after the termination of the partnership by bankruptcy.

Item 14 (Balance of loan to Lawrence E. Woolf) — $50; Item 15 (Advances for Lawrence E. Woolf) — $144. There was insufficient proof to show repayment to the partnership of these advances or loans.

Item 16 (Withdrawal by Goldstein) — $600. This was a sum distributed from profits or capital without repayment, and defendant should not be required to make good such withdrawal under the circumstances.

As to Items 8 and 13, we find that the work for which these payments were made was performed during the existence of the partnership and billed to the client during that period. Though there were events which might have occurred which would have defeated the right to collect these moneys, such events never happened, and the moneys, having been paid, should be deemed amounts earned by the partnership.

Restating the account on the basis of the corrections here indicated would result in a reduction of the fund found to exist as proceeds of partnership

transactions from $11,259.05 to $1,826.10, and accordingly the account should be modified by reducing the undivided interest of the bankrupt in the partnership from $5,629.52 to $913.05. The judgment should be modified so as to direct payment by defendant of $913.05 with interest from July 17, 1936, together with costs and disbursements of the action and the referee's fees and disbursements as heretofore fixed, less the costs and disbursements of the appellant on this appeal to be credited thereon, and as so modified affirmed.

Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ., concur.

Judgment unanimously modified in accordance with opinion and as so modified affirmed. Settle order on notice.